NO. 07-01-0267-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



NOVEMBER 30, 2001



______________________________




STEVE D. MCNEAL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 99-431348; HONORABLE JIM B. DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

PRELIMINARY OPINION


 Appellant Steve D. McNeal appeals from his conviction of the offense of assault on
a public servant after a guilty plea pursuant to a plea bargain agreement. Appellant's
appointed counsel has filed a brief and supplemental brief, and the State's brief is due on
December 30, 2001. Oral argument has been waived by appellant. We now have before
us appellant's "Motion for Conflict of Interest" and a request to proceed pro se in this
matter. In that motion, he asserts that his appointed counsel has refused to investigate
his complaints that documents were illegally removed from the court's record, government
records have been falsified, and perjury has been committed by one or more of his
appointed counsel at the trial court level, as well as the trial judge. He also asserts that
his appointed appellate counsel has entered into a conspiracy to conceal these alleged
wrongs. Additionally, he complains that his counsel failed to raise an issue in his brief that
the trial court abused its discretion to "exchange benches." 

 We also have before us the motion of appellant's appointed counsel to withdraw,
which was filed in response to appellant's "Motion for Conflict of Interest." In that motion,
counsel states that he "has reviewed the records in this cause, discussed appellant's case
with his prior counsels, researched and briefed the appellate issues with merit, and
communicated with appellant on matters relevant to this appeal." Counsel further alleges
that he has neither discovered nor is aware of any illegal activity by appellant's prior
counsels, nor by the Honorable Bradley Underwood concerning the proceedings or the
condition of the clerk's record or of any violations of the Penal Code as claimed by
appellant. Nevertheless, he requests permission to withdraw from the representation of
appellant.

 An accused's right to represent himself or choose his own counsel may not be
manipulated so as to obstruct the orderly procedure in the courts or to interfere with the
fair administration of justice. Webb v. State, 533 S.W.2d 780,784 (Tex.Crim.App. 1976). 
We note that appellant had three different counsel represent him at the trial court level. 
Appellant was initially represented by an attorney working for the staff of the Texas
Department of Criminal Justice. However, he expressed dissatisfaction with that attorney
and requested new counsel. The court then appointed Vince Martinez to represent
appellant, who later filed two complaints with the court against Martinez alleging various
deficiencies in his performance, as well as declaring a conflict of interest with his counsel. 
The court then appointed Dwight McDonald to represent appellant, whom appellant now
claims committed perjury and other illegal acts. 

 Appellant filed a pro se notice of appeal and a request for counsel to be appointed
to represent him. We abated the appeal so that the trial court could make that
appointment and, at that time, appellant's current counsel was appointed. Appellant's
counsel later received a letter from appellant requesting him to withdraw from the case,
and counsel filed a motion to withdraw with the trial court. After receiving a request for
direction from this court, we informed counsel that his motion to withdraw should be filed
with this court. The motion was never filed because counsel was apparently then
instructed by his client not to withdraw. Counsel then filed a brief on appellant's behalf. 
We also received a copy of a letter from appellant to his counsel approving the filing of
that brief, along with an affidavit prepared and signed by appellant in which he lists six
issues he is asserting on appeal. Both prior to and subsequent to the filing of appellant's
brief, this court has received pro se motions from appellant requesting relief from this
court, including a request that we hold a hearing on his assertions of illegal acts committed
by his trial counsel and the trial court. We have patiently informed appellant each time that
he is not entitled to hybrid representation, but that admonition has had no effect. Further,
since appellant's counsel filed his motion to withdraw in response to appellant's request
to proceed pro se, appellant has now filed a pro se response to that motion to withdraw in
which he states in his prayer that he "needs counsel to represent him." 

 We are aware of the case of Hubbard v. State, 739 S.W.2d 341 (Tex.Crim.App.
1987) in which the court found that the appellant had timely asserted his right to self-representation even though he did so after his appointed counsel had filed a brief. Id. at
345. However, the court found in that instance that there was nothing to indicate that the
appellant was acting out of desire to manipulate the orderly procedure of the court system
or to interfere with the administration of justice. The record showed that appellant had
been frustrated by his first counsel's failure to file an appellate brief and by his second
attorney, who refused to urge on appeal the grounds of error desired by the appellant. Id.
at 344. 

 The facts before us are distinguishable because appellant has continually
expressed dissatisfaction with each counsel appointed to represent him at both the trial
court level and on appeal and/or charged counsel with misconduct and illegal acts, as well
as the trial judge. Additionally, he initially expressed satisfaction with his counsel's brief,
although he also wanted to file his own affidavit in spite of the fact we have informed him
he is not entitled to hybrid representation. Moreover, the issues appellant is entitled to
assert on appeal are limited because he pled guilty after a plea bargain and the
punishment did not exceed that recommended by the prosecutor. The only issue which
appellant asserts in his motion to proceed pro se that his counsel failed to raise on appeal,
i.e., an abuse of discretion regarding an exchange of bench, is not a jurisdictional issue
or one shown to have been raised by written motion ruled on before trial. We therefore
find that appellant is not entitled to proceed pro se at this late date under these
circumstances. We are also not required to consider points raised in a supplemental brief
which were not raised in the original brief. Ontiveros v. State, 890 S.W.2d 919, 931
(Tex.App.--El Paso 1994, no pet.). Because we believe that appellant has attempted to
manipulate the system, his motion to proceed pro se is overruled and we will consider the
appeal on the brief submitted by appellant's current appointed counsel after the filing of
the State's brief. Appellant's counsel's motion to withdraw will be ruled on at the time of
our decision on the merits.

 Per Curiam

Do not publish.