Opinion filed December 8, 2005 












 
 
  
 
 







 
 
  
 
 




Opinion filed December 8, 2005 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00248-CR 

                                                    __________

 

                                      RICARDO  RIOJAS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                 Trial
Court Cause No. 14,448-B 

 



 

                                                                   O
P I N I O N

 

The jury convicted Ricardo Riojas of aggravated
possession of cocaine with intent to deliver, aggravated possession of cocaine,
and possession of marihuana.  The jury
assessed his punishment at confinement for 20 years and a fine of $50,000 for
the aggravated possession of cocaine with intent to deliver offense and at
confinement for 15 years for the aggravated possession of cocaine offense.  For the possession of marihuana offense, the
jury assessed punishment at confinement for 5 years and recommended that the
imposition of the sentence be suspended and that appellant be placed on
community supervision.  We affirm.








Appellant was represented by counsel at
trial.  On appeal, he has asserted his
right to self- representation. After a Hubbard hearing,[1]
the trial court found that appellant was competently, knowingly, voluntarily,
and intelligently waiving his right to court-appointed counsel on appeal.

The clerk=s
record was filed in this court on December 30, 2004, and the reporter=s record was filed on March 1,
2005.  Numerous extensions of time in
which to file appellant=s
brief have been granted.  On October, 13,
2005, the clerk of this court wrote appellant telling him that his brief was
now due to be filed in this court on or before November 14, 2005, and that
failure to file the brief by November 14 would result in the matter being
referred to the court.  There has been no
response to our letter of October 13. 
Therefore, the appeal will be considered on the record before the court.

Kevin Ferguson testified that he was employed as a
narcotic investigator for the Taylor County Sheriff=s
Department.  During the course of
investigating on-going narcotics trafficking, Deputy Ferguson was conducting
surveillance on a residence.  On February
13, 2004, Deputy Ferguson followed a green pickup driven by appellant from the
residence to a self-storage facility. 
Deputy Ferguson observed the pickup drive through the gate to a storage
facility after a code was entered. 
Deputy Ferguson also observed appellant get out of the pickup and enter
one of the storage facilities.  Appellant
then drove back to the residence and handed a Afairly
good-sized package@ to an
individual who was standing in front of the residence.

The next day, a police dog alerted at the storage
unit indicating the presence of narcotics. Deputy Ferguson secured a search
warrant for the storage unit.  Officers
recovered marihuana, cocaine, three rifles, one pistol, one air gun,
ammunition, and two satellite receivers. 
Appellant=s
fingerprints were recovered from several of the plastic bags of cocaine.  The 51 packages of marihuana weighed a total
of 101.08 pounds.  Excluding packaging, a
total of 716.88 grams of cocaine was recovered.








The record does not reflect any error that would
constitute reversible error under TEX.R.APP.P. 44.2.  The evidence is both factually and legally
sufficient to support the jury=s
verdict.  Jackson v. Virginia, 443
U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000); Zuniga
v. State, 144 S.W.3d 477 (Tex.Cr.App.2004);  Ross v. State, 133 S.W.3d 618
(Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis
v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). 
The record further reflects that appellant was afforded reasonably
effective assistance of counsel.  Strickland
v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d
770 (Tex.Cr.App. 1999).

The judgments of the trial court are affirmed.

 

PER CURIAM

 

December 8, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]Hubbard v. State,
739 S.W.2d 341 (Tex.Cr.App.1987).