

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 02-13-00004-CR**

GUY T. DECKER                                                          APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

## ABATEMENT ORDER

------------

Appellant's court-appointed trial counsel, Jerry D. Parr, has filed a "Motion To Withdraw." We abate the appeal and remand this case to the trial court to consider Mr. Parr's motion. The trial court shall immediately conduct a hearing with appellant present to:

1.      Determine whether appellant desires to prosecute his appeal;

2.      Determine whether appellant remains indigent;

3.      Determine whether new counsel should be appointed to represent

appellant and appoint counsel, if necessary;[1]

4.      If appellant desires to proceed pro se, admonish appellant of the dangers and disadvantages of self-representation in accordance with *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975), and *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987);

5.      If appellant desires to proceed pro se, determine whether that decision is competently and intelligently made; and

6.      Take any other measures that the trial court deems necessary to insure appellant does not forfeit his right to appeal.

The trial court shall file a record of the hearing in this court on or before **Monday, April 1, 2013**. The record shall include a supplemental reporter's record and supplemental clerk's record. Upon our receipt of the supplemental record, the appeal of this cause shall be automatically reinstated without further order. The clerk of this court shall transmit a copy of this order to appellant, the attorneys of record, the trial judge, the trial court clerk, and the court reporter.

DATED February 27, 2013.

PER CURIAM

---

[1] If new counsel is appointed to represent appellant, the supplemental record shall reflect that counsel has been notified of the appointment. If appellant is incarcerated, the trial court shall also retain him in the county for a reasonable period of time to allow new counsel an opportunity to confer with appellant about filing an out-of-time appeal in the court of criminal appeals.