**Bobby Lee HUBBARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 386–84 to 388–84.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 4, 1987.

---

**342**

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Donald G. Davis, Joe Revesz and Denver McCarty, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

We granted appellant's pro se petition for discretionary review to address his contention concerning his right to proceed pro se on appeal.

The record reflects that appellant was convicted in two cases of delivery of a controlled substance and in one case of bribery. A jury assessed life sentences in the two cases of delivery of a controlled substance and a term of eighteen years and a fine of $10,000 in the bribery case. Prior to the rendition of the Court of Appeals' opinions in these cases, appellant asked the court for permission to proceed pro se. The Court of Appeals rendered an unpublished opinion for the cases involving delivery of a controlled substance, *Hubbard v. State*, Nos. 05–82–00467–Cr and 05–82–00718–Cr (Tex.App—Dallas, delivered February 1, 1984), and a published opinion in the bribery case, *Hubbard v. State*, 668 S.W.2d 419 (Tex.App—Dallas 1984). In its opinions, the Court of Appeals held that appellant was not entitled to hybrid representation and thus overruled appellant's motion to dismiss counsel and proceed pro se. The Court of Appeals then considered the grounds of error raised by counsel and affirmed all three of appellant's convictions.

Appellant now maintains in his pro se petition for discretionary review that the effect of the decision of the Court of Appeals was to deny him his constitutional right to defend himself and to force upon him unwanted counsel. He relies on the decision of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The State acknowledges that a defendant has the same right to represent himself on appeal that he has to represent himself at trial. The State argues, however, that the appellant did not timely assert his right of self-representation.

In *Webb v. State*, 533 S.W.2d 780 (Tex. Cr.App.1976), some two months after appellate counsel had filed his brief, Webb filed pro se pleadings asking that his appellate counsel be dismissed and he be allowed to proceed pro se on appeal. Applying the rationale of *Faretta*, this Court held that the right of an accused to reject the services of counsel and represent himself ex-

tends into the appellate process. Having reached this holding, the Court then proceeded to examine the procedural issues involved in asserting one's right of self-representation on appeal.

"... It is incumbent upon an accused to clearly and unequivocally inform the trial court of his desire to prosecute his appeal without the aid of counsel. Regardless of the point in the appellate process at which an appellant chooses to assert his right of self-representation, he will be required to comply with all relevant rules of appellate procedure set forth in our Code of Criminal Procedure. The right of self-representation is not a license to capriciously upset the appellate timetable or to thwart the orderly and fair administration of justice.

"The record before us does not reflect any instance in which the appellant expressed dissatisfaction with the representation of his appointed counsel; the record does not reflect that appellant clearly and unequivocally informed the trial court of his desire to dispense with the aid of counsel and represent himself on appeal. In various motions and correspondence the appellant has alleged a great number of things concerning his attempts to have counsel dismissed so that he might proceed to represent himself; none of the allegations contained therein are properly before us for review. The record does not reflect that the appellant made any effort to have the various motions, correspondence and alleged orders of the trial court filed and made a part of the record on appeal before said record was transmitted to this Court. We note also that the motions filed by appellant in this Court were filed long after his appointed counsel had filed an appellate brief on his behalf. We therefore decline at this time to rule on appellant's various pro se motions. The brief filed by appointed coun-

sel on appellant's behalf *is* properly before us for review and we shall now address the contentions contained therein." *Webb v. State*, 533 S.W.2d at 786. (footnotes omitted).

As can be seen the court did not reach the issue of Webb's right to proceed pro se on appeal because the various motions and correspondence in which he asserted his right to proceed pro se were not properly made a part of the appellate record.[1] We can glean some guidance from *Webb* on this issue, however, by examining some of the dicta in the opinion. It is interesting and perhaps indicative that the Court made a point of noting that Webb's initial request to proceed pro se was made *after* his appointed counsel had filed an appellate brief on his behalf.

The situation in *Webb* is quite different from the situation before us in the present case. The record reflects that appellant has been energetically flooding the courts with pro se motions since his conviction. We have waded through the record and we now present the facts as they relate to appellant's desires to proceed pro se. Appellant was sentenced in each case on April 1, 1982, and on that date appellant gave notice of appeal in open court. At that time, appellant notified the trial court that he could not afford to retain an attorney and would like the court to appoint an attorney to represent him on appeal. The docket sheet reflects that thereafter on May 7, 1982, the trial court appointed an attorney to represent appellant. At the time appellant voiced no complaint to the trial judge regarding this appointment. The record reflects that after failing timely to file briefs in each cause, the attorney successfully obtained an extension of time extending the due date for appellant's briefs until January 6, 1983. On March 3, 1983, three months after the second due date, counsel requested another extension

---

**1.** At the time that Webb prosecuted his appeal, Article 40.09 of the Code of Criminal Procedure provided that the parties' briefs be filed with the trial court. The trial court then had the duty to examine the briefs and determine if a new trial should be accorded the defendant. If the court determined there should be no new trial, the clerk of the court then forwarded the record and the briefs to the Court of Criminal Appeals. This provision was amended in 1981 to provide that the appellate briefs be filed directly in the appellate court. Acts 1981, 67th Leg., p. 804, ch. 291, § 108, eff. Sept. 1, 1981. See now Tex. Rules App.Proc. Rule 74.

of time until May 30, 1983. This time the Court of Appeals chastised the attorney for his inaction, found that his motion for an extension of time did not comply with TEX. R.CRIM.APP. 6, and denied the motion without prejudice to the filing of a proper extension motion. The Court of Appeals further directed that within seven days of the date of its opinion (April 15, 1983), the attorney either file a proper motion for extension of time or a brief. Meanwhile on March 25, 1983, appellant filed an application for a writ of habeas corpus and a Motion to File Brief on Appeal and/or Supplemental Brief. In his pleadings he asserted that because of his attorney's inaction he was being denied effective assistance of counsel on appeal. The trial court found that appellant was not being denied either effective assistance or his right to appeal and forwarded the record to this Court. We ruled that since appellant's direct appeal was pending, no action need be taken on appellant's application. In April of 1983, the first attorney was removed from the case. Thereafter, in May of 1983, a second attorney was appointed to replace the first attorney. Appellant voiced no objection to this appointment. However, on June 28, 1983, appellant wrote to this Court asking that he be given a copy of his trial transcript. In a letter dated July 15, 1983, the trial judge referring to the letter appellant had written to this Court, informed appellant that since appellate counsel had been appointed in his case, he was not entitled to a trial transcript. The trial court then went on to advise appellant that he had two options: (1) proceed with the second attorney as appellate counsel and forego filing a pro se brief, or (2) dismiss the second attorney and proceed pro se. On July 26, 1983, the second attorney filed a brief in each of appellant's cases in the Court of Appeals. Thereafter, appellant, being in disagreement with the grounds of error raised in counsel's briefs, filed a motion in the Court of Appeals asking permission to file a pro se supplemental brief.

This motion was denied on August 24, 1983. On September 19, 1983, fifty-five days after counsel's briefs were filed, appellant filed his "Motion To Dismiss Appeal's Attorney And Disregard And Set A Side Appeal Brief". The Court of Appeals denied appellant's motion to proceed pro se on September 20, 1983. The State's briefs were filed on November 9, 1983. The cases were argued by counsel on January 3, 1984 and the opinions of the Court of Appeals were handed down in February of 1984.[2]

It is well-settled that an accused's right to represent himself or choose his own counsel cannot be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *Webb v. State*, supra; *Lyles v. State*, 582 S.W.2d 138 (Tex.Cr.App. 1979); *Thompson v. State*, 447 S.W.2d 920 (Tex.Cr.App.1969). If an indigent defendant is displeased with his appointed counsel, he must timely bring the matter to the court's attention.

In the instant case, appellant, soon after reading the brief filed by appellate counsel and even before the State's brief had been filed, petitioned the Court of Appeals and asked for the right to proceed pro se. Nothing in the record indicates that appellant was acting out of a desire to manipulate the orderly procedures of the appellate system or to interfere with the fair administration of justice. Rather the record shows that appellant had been frustrated throughout the pendency of his appeal— first by an attorney who failed to file an appeal brief, and second, by an attorney who refused to urge on appeal the grounds of error desired by appellant.

This is not to say that the second attorney, in any way, was ineffective or did not properly represent his client. On the contrary, the record shows that the second attorney went to great pains in explaining to his client why he was presenting the grounds of error he briefed and why it was more advantageous for appellant to pro-

2. In its opinions, the Court of Appeals alluded to Appellant's Application for the Judicial Writ and Motion to Abate Appeal filed on December 13. 1983. We can find no such motion filed on that date. Our review of the record shows that Appellant's Motion to Dismiss Counsel and Disregard the Briefs Previously Filed was filed on September 19, 1983.

ceed with counsel rather than to proceed pro se.

Based upon the unusual facts of the instant case and the delay already caused to this appellant, we are unable to say that the delay occasioned by allowing appellant to file his pro se briefs would unduly hamper the administration of justice. Thus we now hold that appellant timely asserted his right of self-representation. We make this finding even though we question the wisdom of appellant's decision to forego a lawyer's expertise in prosecuting his appeal.

Our inquiry does not end here, however. Once we have determined that the appellant's request was timely, a determination must be made as to whether appellant is making a competent and intelligent choice in choosing to proceed pro se. As we stated in *Blankenship v. State*, 673 S.W.2d 578 (Tex.Cr.App.1984):

"... In order to competently and intelligently choose self-representation, the defendant should be made aware of the dangers and disadvantages of self-representation so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' *Faretta*, supra at 835, 95 S.Ct. at 2541 [422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)], citing *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) and *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S.Ct. 236, 241, 87 L.Ed. 269 (1942)." 673 S.W. 2d at 583.

In accordance with the power given to this Court in Article 44.24(b), V.A.C.C.P., we now remand the appeal to the Court of Appeals and instruct them to direct the trial court to hold a hearing during which the trial court must make the appellant aware of the dangers and disadvantages of self-representation and the trial court must develop evidence as to whether appellant's apparent decision to relinquish benefits associated with counsel and to proceed pro se is knowingly and intelligently made.

The transcription of the court reporter's notes of this hearing shall be filed in the Court of Appeals by supplemental transcript. *Hawkins v. State*, 660 S.W.2d 65 (Tex.Cr.App.1983).

Appellant has also filed in this Court several applications for writs of mandamus asking that the trial judge be compelled to provide him with access to his trial record for the purpose of appeal. Should the Court of Appeals grant appellant's motion to proceed pro se, it should direct the trial court to make the appellate record available to appellant, either in Dallas County or in the Texas Department of Corrections, and appellant will be allowed 30 days from that time in which to file a brief in the Court of Appeals.

ONION, P.J., dissents.