NO. 07-13-00023-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2013

_____

STEVEN DEWAYNE INGRAM, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 10,784; HONORABLE DAVID GLEASON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant Steven DeWayne Ingram filed notice of appeal, *pro se*. To date, we have no record but according to the trial court clerk's information form appellant was convicted of possession of a controlled substance and sentenced to confinement in a state jail for two years. According to the same information form, appellant refused to sign an affidavit of indigence in the trial court. He currently appears *pro se* on appeal. Although the certification of right of appeal is signed by the trial court, appellant apparently also refused to sign the certification.

The court reporter and clerk each requested additional time to prepare the record because appellant had not made acceptable payment arrangements. By letter of February 8, 2013, we directed appellant to request preparation of the reporter's record and make acceptable payment arrangements for preparation of the reporter's and clerk's records. We directed him also to advise us in writing of his fulfillment of these requirements by February 25. At appellant's request, we extended this deadline until March 11.

On February 21, appellant filed what we interpret as his response to our February 8 letter. The handwritten single-page document does not indicate appellant has accomplished the conditions necessary to obtain the reporter's record and the clerk's record. The document contains the statement, "I get S.S.I."

Because appellant is not represented by counsel, has not made required arrangements for preparation of the appellate record, and may be indigent, we abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall use whatever means it finds necessary, which may include noticing and conducting a hearing, to determine the following:

1. whether appellant desires to prosecute this appeal;

2. whether appellant is indigent and entitled to appointed counsel on appeal and a free appellate record;

3. whether appellant desires to represent himself on appeal in this case;

4. if appellant wishes to represent himself, whether appellant's decision to do so is competently and intelligently made, including whether appellant is aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard v. State*, 739 S.W.2d 341, 345 (Tex.Crim.App. 1987);

2

5. if appellant wishes to represent himself, whether allowing him to do so is in his best interests, the State's best interest, and is in furtherance of the proper administration of justice;

6. if appellant is not indigent, and does not desire to represent himself on appeal, why counsel has not been retained;

7. if appellant is not indigent, why he has not satisfied conditions necessary for preparation of the reporter's record and the clerk's record; and

8. why appellant has not signed the certification of right of appeal as required by appellate rule 25.2(d).

If the trial court determines appellant desires to prosecute the appeal, and if it determines that appellant is indigent and entitled to appointed counsel, and if it determines that appellant does not desire to represent himself on appeal or determines that his doing so is not in the best interests of appellant, the State and the administration of justice, then the trial court shall appoint counsel for appellant. If the trial court appoints appellate counsel, it shall cause the name, address, telephone number, fax number, and state bar number of the appointed attorney to be provided to this Court. If the trial court determines that appellant is indigent, it shall further direct the reporter and the clerk to prepare the record without charge to appellant. The trial court shall issue findings and recommendations expressing its determinations on the issues listed above.

If the court recommends that this Court permit appellant to represent himself on appeal, we will review that recommendation and issue further orders when we reinstate the appeal.

The trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings, recommendations and any orders the court signs, and 2) a supplemental reporter's record transcribing the evidence and argument presented at any hearing held. The supplemental clerk's record and reporter's record, if any, shall be filed by the trial court with the clerk of this court on or before March 29, 2013, unless additional time is requested.

It is so ordered.

Per Curiam

Do not publish.