**Order entered May 29, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00340-CR

**JANINE JOYCE CHARBONEAU, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-80751-2012**

## ORDER

The Court **GRANTS** the May 23, 2013 motion of Tonda Curry to withdraw as appellant's counsel. We **DIRECT** the Clerk to remove Tonda Curry as appellant's attorney of record.

We **ORDER** the trial court to conduct a hearing to determine whether the following:

- Whether appellant desires to be represented by counsel in this appeal.

- If appellant desires to be represented by counsel, the trial court shall determine whether appellant is indigent and entitled to court appointed counsel. If appellant is indigent, we **ORDER** the trial court to appoint counsel to represent appellant.

- If appellant is not indigent, the trial court shall determine whether appellant has retained new counsel to represent her and, if so, the name, State Bar number, address, and telephone number of new counsel.

- If the trial court determines that appellant does not wish to be represented by counsel, the trial court shall advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987).

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit a supplemental record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the form provided by article 1.051(g).

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/    LANA MYERS
        JUSTICE