**Order entered July 11, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00855-CR

**THOMAS KELLAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 10**
**Dallas County, Texas**
**Trial Court Cause No. MA11-57501-L**

## ORDER

The Court **GRANTS** the June 28, 2013 motion of Matthew Kita to withdraw as appellant's attorney. We **DIRECT** the Clerk to remove Matthew Kita as appellant's attorney of record.

We **ORDER** the trial court to conduct a hearing to determine the following:

- Whether appellant desires to pursue the appeal. If appellant does not desire to pursue the appeal, the trial court shall make a finding to that effect.

- If appellant desires to pursue the appeal, the trial court shall next determine whether appellant desires to be represented by counsel.

- If appellant desires to be represented by counsel, the trial court shall next determine whether appellant is indigent and entitled to court appointed counsel. If the trial court determines that appellant is indigent, we **ORDER** the trial court to appoint counsel to represent appellant. If the trial court determines that appellant is not indigent, the trial

court shall determine the name, State Bar number, and contact information for appellant's new attorney.

- If the trial court determines that appellant does not desire to be represented by counsel, the trial court shall advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court shall further advise appellant that he does not have the right to hybrid representation and that any brief filed by counsel will be stricken.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit a supplemental record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the form provided by article 1.051(g).

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.


/s/    CAROLYN WRIGHT
CHIEF JUSTICE