

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00075-CR

PEDRO CRUZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2012434832; Honorable John J. "Trey" McClendon, Presiding

November 14, 2013

## ON ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Pedro Cruz entered an open plea to driving while intoxicated, third or more, and the trial court sentenced him to six years' confinement in prison. Appellant's retained counsel filed a notice of appeal on March 15, 2013, but on June 24 moved to withdraw from the representation. We granted the motion on July 18. Another attorney has not appeared for appellant.

By letter of August 26, we notified appellant that his brief was past due. The deadline was extended until September 5. In a motion mailed on September 4,

appellant requested an extension of thirty days to file his brief, which, appellant said, he intends to file "with or without counsel." By letter of September 11, we granted his request for additional time and made his brief due October 4. Appellant did not file a brief. Appellant was again notified by letter that his brief was past due. The letter extended the deadline for filing appellant's brief and motion for additional time until October 24. Appellant has made no response.

We abate the appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall use whatever means it finds necessary, which may include noticing and conducting a hearing, to determine the following:

1. whether appellant desires to prosecute this appeal;

2. whether appellant is indigent and entitled to appointed counsel on appeal;

3. whether appellant desires to represent himself on appeal in this case;

4. if appellant wishes to represent himself, whether appellant's decision to do so is competently and intelligently made, including whether appellant is aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard v. State,* 739 S.W.2d 341, 345 (Tex. Crim. App. 1987);

5. if appellant wishes to represent himself, whether allowing him to do so is in his best interest, the State's best interests, and is in furtherance of the proper administration of justice; and

6. if appellant is not indigent, and does not desire to represent himself on appeal, why counsel has not been retained; and

7. should the trial court find appellant desires to prosecute this appeal, any additional matters it deems reasonable and necessary to ensuring appellant is adequately represented on appeal and promptly files his brief.

2

If the trial court determines appellant desires to prosecute the appeal, and if it determines that appellant is indigent and entitled to appointed counsel, and if it determines that appellant does not desire to represent himself on appeal or determines that his doing so is not in the best interests of appellant, the State and the administration of justice, then the trial court shall appoint counsel for appellant. If the trial court appoints appellate counsel, it shall cause the name, address, telephone number, fax number, and state bar number of the appointed attorney to be provided to this court. The trial court shall issue findings and recommendations expressing its determinations on the issues listed above.

If the trial court recommends that this court permit appellant to represent himself on appeal, we will review that recommendation and issue further orders on reinstatement of the appeal.

The trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings, recommendations and any orders the court signs, and 2) a supplemental reporter's record transcribing the evidence and argument presented at any hearing held. The supplemental clerk's record and reporter's record, if any, shall be filed by the trial court with the clerk of this court on or before December 13, 2013, unless additional time is requested.

It is so ordered.

Per Curiam

Do not publish.