

# NUMBER 13-13-00338-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LAURA DAY A/K/A LAURA
SYRING A/K/A LAURA LEE
BUSH A/K/A LAURA LEE
MARSDEN A/K/A LAURA
LEE FEIST,                                                    Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

# ORDER ABATING APPEAL

### Before Chief Justice Valdez and Justices Perkes and Longoria
### Order Per Curiam

Appellant, Laura Day a/k/a Laura Syring a/k/a Laura Lee Bush a/k/a Laura Lee

Marsden a/k/a Laura Lee Feist, proceeding pro se, has filed several motions with the

Court: (1) a motion to abate appeal; (2) motion to dismiss her court-appointed appellate counsel; (3) motion to waive live admonishment hearing, or in the alternative, to conduct an admonishment hearing by telecommunication or video conference; and (4) a motion to proceed pro se and strike the brief filed by appointed appellate counsel on her behalf. In short, appellant seeks to dismiss her court-appointed counsel and to proceed pro se for purposes of this appeal. Appellant's court-appointed counsel has also filed a motion for extension of time to file the brief in this matter. Appellant's appointed counsel's brief in this matter was due on June 30, 2014, but was not filed until July 14, 2014. As a preliminary matter, the Court GRANTS the motion and the appellant's brief is now duly filed with the Court.

The Court, having considered appellant's pro se motions and the appellant's apparent desire to proceed on appeal without the benefit of counsel, is of the opinion that the appeal should be abated in accordance with *Hubbard v. State,* 739 S.W.2d 341 (Tex. Crim. App. 1987). The trial court is ordered to immediately conduct a hearing to determine if appellant desires to proceed pro se. The trial court is required to make the appellant aware of the dangers and disadvantages of self-representation and to develop evidence as to whether appellant's apparent decision to relinquish the obvious benefits associated with having appointed appellate counsel and to proceed pro se is knowingly and intelligently made. The trial court is further ordered to make appropriate findings and recommendations and forward a transcription of the hearing to this Court within 15 days from the date of this order. If the trial court finds that appellant knowingly and intelligently waives her right to counsel in compliance with TEX. CODE CRIM. PROC. art. 1.051(g), then

2

the trial court shall make a copy of the clerk's record and reporter's record available to the appellant so that she can file her brief. Appellant's brief shall be filed thirty days from the date she receives the record.

Accordingly, appellant's motion to abate is GRANTED to the extent that we are hereby abating the appeal for the purposes described in this order. Appellant's motion to waive live admonishment hearing or, in the alternative, to conduct an admonishment hearing by telecommunication or video conference, is DENIED. Appellant's motions to dismiss her counsel and strike the brief filed on her behalf, and to proceed on appeal pro se, will be CARRIED WITH THE CASE pending receipt and review of the trial court's findings and conclusions on remand.

The appeal is ordered ABATED.

PER CURIAM

Delivered and filed the
30th day of July, 2014.