**Order entered October 20, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-00429-CR

### NATISHA MORGAN, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause No. F12-71566-K**

## ORDER

Appellant filed a pro se notice of appeal after her community supervision was revoked and she was sentenced to five years' imprisonment. The clerk's and reporter's record have been filed. However, the record before the Court does not reflect that counsel has been appointed to represent appellant on the appeal, but she was represented by court-appointed counsel during the revocation proceedings. The Court has before it appellant's pro se October 16, 2014 motions to have counsel appointed and to extend time to file appellant's brief.

We **GRANT** the motion to appoint counsel as follows.

We **ORDER** the trial court to make findings regarding whether appellant is indigent and entitled to court-appointed counsel on this appeal. If the trial court finds appellant is indigent, we **ORDER** the trial court to appoint counsel to represent appellant on appeal.

If the trial court finds appellant is not indigent, the trial court shall determine whether appellant has retained counsel for the appeal. If appellant has retained counsel, the trial court shall make a finding as to the name, State Bar number, and contact information for counsel.

If appellant decides that she does not wish to be represented by counsel, the trial court shall advise appellant of the following:

- The trial court shall first advise appellant that she does not have the right to court-appointed counsel of her choice. *See Buntion v. Harmon*, 827 S.W.2d 945 (Tex. Crim. App. 1992); *Sampson v. State*, 854 S.W.2d 659 (Tex. App.–Dallas 1992, no pet.).

- The trial court shall next advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court shall further advise appellant that she does not have the right to hybrid representation.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit a supplemental record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the form provided by article 1.051(g).

The Court will **DEFER** ruling on the pro se motion to extend time to file appellant's brief pending receipt of the trial court's findings.

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Dominique Collins, Presiding Judge, Criminal District Court No. 4, and to Michael Casillas, Dallas County District Attorney's Office.

We **DIRECT** the Clerk to send a copy of the order by first-class mail, to Natisha Morgan, TDCJ No. 1920111, Mountain View Unit, 2305 Ransom Road, Gatesville, TX 76528.

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the findings are received.

/s/     ADA BROWN
        JUSTICE