FILE COPY



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00341-CR
### NO. 02-14-00342-CR

CAMERON THOMAS FOUNTAIN                                    APPELLANT

V.

THE STATE OF TEXAS                                               STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
TRIAL COURT NO. 1322169D, 1322167D

------------

## ABATEMENT ORDER

------------

It has come to our attention that appellant's brief has not been filed. Appellant's brief was originally due on November 12, 2014. We have notified the trial court judge and the attorneys of record that appellant's brief has not been filed, as required by rule 38.8(b). *See* Tex. R. App. P. 38.8(b). Because we have not received a satisfactory response to our prior notification and in accordance with rule 38.8(b), we abate the appeal and remand this case to the trial court.

The trial court shall conduct a hearing, with appellant and retained counsel, Mark D. Scott, present. At the hearing, the court shall make the following findings on the record:

1.  Determine whether appellant desires to prosecute the appeal;

2.  Determine why retained counsel has not filed a brief and whether counsel has abandoned the appeal;

3.  If retained counsel has not abandoned the appeal and, after being informed of the consequences of dismissing the appeal, appellant desires to continue the appeal, determine the exact date that counsel will file a brief on appellant's behalf in the court of appeals. Inform counsel and appellant that if the brief is not filed on that date, the court of appeals may consider the appeal without briefs. *See* Tex. R. App. P. 38.8(b)(4);

4.  If appellant wants to continue the appeal but counsel has abandoned the appeal, determine whether appellant is indigent and, if so, whether counsel should be appointed to represent appellant and appoint counsel, if necessary;[1]

5.  If appellant desires to proceed pro se, admonish appellant of the dangers and disadvantages of self-representation in accordance with *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975) and *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987) and determine whether appellant's decision to proceed pro se is competently and intelligently made; and

6.  Take any other measures that the trial court deems necessary to insure appellant does not forfeit his right to appeal.

---

[1]If substitute counsel has been appointed to represent appellant, the supplemental record shall reflect that substitute counsel has been notified of the appointment. If appellant is incarcerated, the trial court shall also retain him in the county for a reasonable period of time to allow substitute counsel an opportunity to confer with appellant.

FILE COPY

The trial court shall file a record of the hearing in this court on or before **Thursday, January 15, 2015**. The record shall include a supplemental reporter's record and supplemental clerk's record. Upon our receipt of the supplemental record, the appeal of this cause shall be reinstated automatically without further order.

The clerk of this court shall transmit a copy of this order to the attorneys of record, the trial court judge, the trial court clerk, and the court reporter.

DATED December 16, 2014.

PER CURIAM