**Order entered February 18, 2015**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00037-CR

**JOHN KENNETH WEEKLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-0955995-H**

## ORDER

The Court has before it appellant's February 17, 2015 motion to reject counsel and proceed pro se. In the motion, appellant asserts that he is concerned appointed counsel will file an *Anders* brief and that he will not have access to the trial record to prepare a response. We note that this is an appeal from the trial court's order denying appellant's motion for post-conviction DNA testing. No hearing was conducted on the motion; therefore, the only record before this Court is the clerk's record.

We **ORDER** the trial court to conduct a hearing to determine whether appellant desires to dismiss counsel and proceed pro se.

- The trial court shall first advise appellant that he does not have the right to court-appointed counsel of his choice. *See Buntion v. Harmon*, 827 S.W.2d 945 (Tex. Crim. App. 1992); *Sampson v. State*, 854 S.W.2d 659 (Tex. App.–Dallas 1992, no pet.).

- The trial court shall next advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court shall further advise appellant that he does not have the right to hybrid representation and that he will solely be responsible for filing appellant's brief and will be subject to the Texas Rules of Appellate Procedure in his filings and communications with the Court of Appeals.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit a supplemental record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the form provided by article 1.051(g).

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/     ADA BROWN
        JUSTICE