[pic]

 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH

 NOS. 02-15-00414-CR
 02-15-00415-CR

 Jerome Diego Brown APPELLANT

 V.

 THE STATE OF TEXAS STATE

 ----------

 FROM 371st District Court OF Tarrant COUNTY
 TRIAL COURT NO. 0514634D, 0554991D

 -----------

 ABATEMENT ORDER

 -----------

 Appellant Jerome Diego Brown filed his “Second Notice to Court
 of Motion for Correction of Remediable Errors: Under 44.4” in
 January 2016. Through this motion, it has come to the court’s
 attention that appellant is proceeding pro se on appeal.[1]
 We hereby order this appeal abated and remanded to the trial
 court to conduct a hearing with appellant,[2] an attorney for the
 State, and the court reporter present. At the hearing, the trial
 court shall:
 1. Determine whether appellant desires to prosecute his
 appeal;
 2. Determine whether appellant is indigent;
 3. Determine whether counsel should be appointed to
 represent
 appellant and if so, appoint counsel;[3]

 4. Admonish appellant in accordance with Faretta v.
 California, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541
 (1975), and Hubbard v. State, 739 S.W.2d 341, 345 (Tex.
 Crim. App. 1987), if he desires to proceed pro se;

 5. If appellant desires to proceed pro se, determine
 whether that decision is competently and intelligently
 made; and

 6. Take any other measures that the trial court deems
 necessary to insure appellant does not forfeit his right
 to appeal.

 The trial court shall file a record of the hearing in this court
 that shall include a supplemental reporter's record and
 supplemental clerk's record. The supplemental record is due in
 this court as soon as practicable, taking into account the
 exigencies of the trial court’s docket. However, if the trial
 court will need more than 30 days to conduct the hearing and file
 the record, the trial court shall immediately notify this court
 that it requires a reasonable extension beyond that period of time.

 Upon our receipt of the supplemental record, the appeal of this
 cause shall be reinstated automatically without further order.
 Appellant’s brief by court-appointed counsel, if any, shall be due
 thirty days after this appeal is reinstated. If, after being
 warned as set forth above, the trial court determines that
 appellant has intelligently and competently decided to proceed pro
 se, then we will set his briefing deadline at that time.
 To the extent that appellant has requested the relief addressed
 in this order, we grant his motion. All other relief requested in
 appellant’s motion is hereby denied.
 The clerk of this court shall transmit a copy of this order to
 appellant, the State’s
 attorney of record, the trial judge, the trial court clerk, and
 the court reporter.
 DATED February 23, 2016.
 PER CURIAM

 -----------------------
 [1]In his motion, appellant asked both for appointment of
 counsel and for a complete copy of the record so that he could proceed
 pro se, in addition to abatement to the trial court and production of
 a variety of items that may be outside of the record.

 [2]The trial court may make arrangements for appellant to appear
 by telephone conference.

 [3]If new counsel is appointed to represent appellant, the
 supplemental record shall reflect that counsel has been notified of
 the appointment. If appellant is incarcerated, the trial court shall
 also retain him in the county for a reasonable period of time to allow
 new counsel an opportunity to confer with appellant.