**Order entered January 30, 2017**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00528-CR

**JOSE GARDUNO GUZMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-80007-2015**

## ORDER

We **REINSTATE** this appeal.

By order dated November 18, 2016, we abated this appeal for a hearing on the status of the reporter's record and to determine whether appellate counsel was able to continue representing appellant. On January 12, 2017, the reporter's record was received. We **ORDER** the seven volumes of reporter's record filed as of the date of this order.

To date, the Court has not received <u>any</u> communication from appellate counsel Gilbert Medina who had been hospitalized or from the trial court regarding the hearing. We again **ORDER** the trial court to conduct a hearing to determine the following:

- The trial court shall first determine whether appellant desires to pursue the appeal. If the trial court determines appellant no longer desires to pursue the appeal, the trial court shall make a finding to that effect, and no further findings are necessary.

- If the trial court determines that appellant does wish to pursue the appeal, the trial court shall next determine whether appellant is now indigent and entitled to proceed with appointed counsel and without payment of costs for the reporter's record. If appellant is indigent, the trial court shall make a finding to that effect. Moreover, if appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, including appointment of new counsel.

- Alternatively, if the trial court finds appellant is not indigent, it shall determine whether retained counsel has effectively abandoned the appeal, either voluntarily or because of health or medical issues. If retained counsel Gilbert Medina is unable to continue, the trial court shall determine whether appellant has retained new counsel and shall provide the name, State Bar number, and contact information for new counsel to this Court.

- If the trial court determines that appellant does not wish to be represented by counsel, the trial court shall advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court shall further advise appellant that she does not have the right to hybrid representation.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit a record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the form provided by article 1.051(g).

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/    LANA MYERS
       JUSTICE