

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

§

| | | |
|---|---|---|
| Oscar L. Shaw, | § | No. 08-16-00321-CR |
| Appellant, | § | Appeal from the |
| v. | § | 243rd District Court |
| The State of Texas, | § | of El Paso County, Texas |
| State. | § | (TC# 20160D02955) |
| | § | |

## **O R D E R**

Pending before the Court is Appellant's motion to represent himself on appeal. The record has been filed and Appellant's brief is due to be filed on March 8, 2017. The Court notes that Appellant represented himself at trial, but at times vacillated with respect to his waiver of the right to counsel. Appellant stated at the conclusion of the trial that he wished to proceed pro se on appeal, but the trial court thereafter appointed counsel to represent Appellant on appeal.

In order to determine whether Appellant is entitled to the relief requested in the motion, we abate the appeal and remand the cause to the trial court in order for the court to conduct a hearing in compliance with *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975), and *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex.Crim.App. 1987) and for the purpose of determining whether Appellant is making a competent and intelligent choice in choosing to proceed pro se on appeal. The trial court is directed to make Appellant aware of the dangers and disadvantages of self-representation on appeal so that the record will establish that Appellant

1

knows what he is doing and his choice is made with "eyes open." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. Further, the trial court shall make findings of fact and conclusions of law related to the following:

1. whether Appellant desires to prosecute the appeal;

2. whether Appellant's request to remove appointed counsel and represent himself on appeal is an attempt to obstruct court procedure or interfere with the administration of justice;

3. whether Appellant is aware of the dangers and disadvantages of self-representation on appeal; and

4. whether Appellant's decision to represent himself on appeal is competently and intelligently made.

The trial court should also admonish Appellant that if he persists in his desire to waive counsel on appeal, the appellate court will not permit Appellant to reassert his right to counsel if doing so will obstruct orderly procedure in the court or interfere with the fair administration of justice.

A transcription of the hearing and a supplemental clerk's record containing the court's findings and orders must be certified and filed in this Court by April 17, 2017. IT IS FURTHER ORDERED that appellate timetable and deadlines are suspended pending further order of this Court.

IT IS SO ORDERED this 3rd day of March, 2017.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.

2