

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                        |     |                                   |
|------------------------|-----|-----------------------------------|
|                        | §   |                                   |
| TIMOTHY MURRAY,        | §   | No. 08-16-00185-CR                |
|             Appellant, | §   | Appeal from the                   |
| v.                     | §   | 299th District Court              |
| THE STATE OF TEXAS,    | §   | of Travis County, Texas           |
|             State.     | §   | (TC# D-1-DC-15-203174)            |
|                        | §   |                                   |

**O R D E R**

Pending before the Court is Appellant's second *pro se* motion to dismiss appointed counsel. The Court denied a previous motion to dismiss counsel because Appellant did not state a clear, unequivocal, and unconditional request to represent himself on appeal. In his second motion, Appellant unequivocally states that he wishes to exercise his right to self-representation.

This appeal was filed on July 6, 2016 and was subsequently transferred to this Court. Appellant's court-appointed attorney filed a brief on Appellant's behalf on January 3, 2017, and the State filed its brief on February 16, 2017. Appellant's counsel filed a reply brief on March 14, 2017. Although Appellant did not assert his right to self-representation until after the brief was filed, Appellant sent correspondence to the Court complaining about counsel before the brief was filed. Under the circumstances, we conclude that Appellant timely asserted his right to self-representation.

1

In order to determine whether Appellant is entitled to the relief requested in the motion, we abate the appeal and remand the cause to the trial court in order for the court to conduct a hearing in compliance with *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1975), and *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex.Crim.App. 1987), and for the purpose of determining whether Appellant is making a competent and intelligent choice in choosing to proceed *pro se* on appeal. The trial court is directed to make Appellant aware of the dangers and disadvantages of self-representation on appeal so that the record will establish that Appellant knows what he is doing and his choice is made with "eyes open." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541. Further, the trial court shall make findings of fact and conclusions of law related to the following:

1. whether Appellant desires to prosecute the appeal;

2. whether Appellant's request to remove appointed counsel and represent himself on appeal is an attempt to obstruct court procedure or interfere with the administration of justice;

3. whether Appellant is aware of the dangers and disadvantages of self-representation on appeal; and

4. whether Appellant's decision to represent himself on appeal is competently and intelligently made.

The trial court should also admonish Appellant that if he persists in his desire to waive counsel on appeal, the brief and reply brief filed by counsel will be struck and will not be considered by the Court for any purpose.

A transcription of the hearing and a supplemental clerk's record containing the court's findings and orders must be certified and filed in this Court by May 21, 2017. We will act on the

2

Appellant's motion to dismiss appointed counsel after reviewing the hearing record and findings of the trial court.

IT IS SO ORDERED this 6th day of April, 2017.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.