FILE COPY



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00370-CR
### NO. 02-16-00371-CR
### NO. 02-16-00377-CR

JACOB OWEN EDWARDS                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
TRIAL COURT NO. CR-2014-07164-B, CR-2014-09118-B, CR-2012-08863-B

------------

## ABATEMENT ORDER

------------

It has come to our attention that appellant's brief has not been filed. Appellant's brief was originally due on April 17, 2017. This court has previously granted three extensions of time to file appellant's brief in this case. By letter dated April 20, 2017, appellant's retained counsel, David Wacker, informed us that Appellant will not be submitting a brief and requested that the court "make its ruling based on the appellate record as it exists now."

In accordance with rule 38.8(b), we abate the appeal and remand this case to the trial court.

The trial court shall conduct a hearing, with appellant and retained counsel, David M. Wacker, present. At the hearing, the court shall make the following findings on the record:

1. Determine whether appellant desires to prosecute the appeal;

2. Determine why retained counsel has not filed a brief and whether counsel has abandoned the appeal;

3. If retained counsel has not abandoned the appeal and, after being informed of the consequences of dismissing the appeal, appellant desires to continue the appeal, determine the exact date that counsel will file a brief on appellant's behalf in the court of appeals. Inform counsel and appellant that if the brief is not filed on that date, the court of appeals may consider the appeal without briefs. *See* Tex. R. App. P. 38.8(b)(4);

4. If appellant wants to continue the appeal but counsel has abandoned the appeal, determine whether appellant is indigent and, if so, whether counsel should be appointed to represent appellant and appoint counsel, if necessary;[1]

5. If appellant desires to proceed pro se, admonish appellant of the dangers and disadvantages of self-representation in accordance with *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975) and *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987) and determine whether appellant's decision to proceed pro se is competently and intelligently made; and

---

[1]If substitute counsel has been appointed to represent appellant, the supplemental record shall reflect that substitute counsel has been notified of the appointment. If appellant is incarcerated, the trial court shall also retain him/her in the county for a reasonable period of time to allow substitute counsel an opportunity to confer with appellant.

FILE COPY

6.  Make appropriate findings for the purpose of aiding this court in determining whether to initiate contempt proceedings against appellant's counsel for noncompliance with this court's order requiring counsel to file an appellate brief by April 17, 2017. *See* Tex. R. App. P. 38.8(b)(2)-(4).

7.  Take any other measures that the trial court deems necessary to insure appellant does not forfeit his right to appeal.

The trial court shall file a record of the hearing in this court on or before **Wednesday, May 31, 2017**. The record shall include a supplemental reporter's record and supplemental clerk's record. Upon our receipt of the supplemental record, the appeal of this cause shall be reinstated automatically without further order.

The clerk of this court shall transmit a copy of this order to the attorneys of record, the trial court judge, the trial court clerk, and the court reporter.

DATED May 1, 2017.

PER CURIAM

3