**Order entered September 18, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01415-CR

### RUBEN ALEJANDRO GARCIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court of Appeals No. 2**
**Dallas County, Texas**
**Trial Court Cause No. MB14-63674-M**

## ORDER

We **REINSTATE** this appeal.

The Court has been notified that, according to the State Bar of Texas, retained counsel Rosalind Kelly is currently not eligible to practice in Texas.

We **ORDER** the trial court to conduct a hearing to determine the following.

- The trial court shall first determine whether appellant desires to pursue the appeal. If the trial court determines appellant no longer desires to pursue the appeal, the trial court shall make a finding to that effect, and no further findings are necessary.

- If the trial court determines that appellant does wish to pursue the appeal, the trial court shall next determine whether appellant desires to be represented by counsel.

- If the trial court determines appellant desires to be represented by counsel, the trial court shall determine whether appellant is indigent and entitled to court-

appointed counsel. If appellant is indigent, we **ORDER** the trial court to appoint counsel to represent him. If appellant is not indigent, the trial court shall determine whether appellant has retained new counsel and shall provide the name, State Bar number, and contact information for new counsel.

- If the trial court determines that appellant does not wish to be represented by counsel, the trial court shall advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court shall further advise appellant that he does not have the right to hybrid representation.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (West 2016).

We **ORDER** the trial court to transmit a record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the form provided by article 1.051(g) of the code of criminal procedure.

This appeal is **ABATED** to allow the trial court to comply with this order. It will be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

We **DIRECT** the Clerk to send copies of this order to the Honorable Jeff Rosenfield, Presiding Judge, County Criminal Court of Appeals No. 2; to Terri Foster Jones, court reporter, County Criminal Court of Appeals No. 2; Rosalind Kelly, and the Dallas County District Attorney's Office.

/s/     ADA BROWN
          JUSTICE