**Order entered March 12, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00260-CR

## BARRETT EMANUELL TILLMAN, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 9**
**Dallas County, Texas**
**Trial Court Cause No. MB17-24827-K**

## ORDER

Appellant timely filed his pro se notice of appeal on February 26, 2018. The documents before the Court do not reflect that counsel has been appointed to represent appellant on the appeal, but they do reflect that he represented himself during trial.

We **ORDER** the trial court to make findings regarding whether appellant is indigent and entitled to court-appointed counsel on this appeal. If the trial court finds appellant is indigent, we **ORDER** the trial court to appoint counsel to represent appellant on appeal.

If the trial court finds appellant is not indigent, the trial court shall determine whether appellant has retained counsel for the appeal. If appellant has retained counsel, the trial court shall make a finding as to the name, State Bar number, and contact information for counsel.

If appellant is not indigent and decides that he does not wish to be represented by counsel, the trial court shall advise appellant of the following:

• The trial court shall advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court shall further advise appellant that he does not have the right to hybrid representation and that any brief filed by counsel will be stricken.

• If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement, for appellant to sign, in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

• The trial court shall advise appellant that he will be required to request and pay for the preparation of the clerk's records and reporter's records in each case. *See* TEX. R. APP. P. 35.3.

We **ORDER** the trial court to transmit a supplemental record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the form provided by article 1.051(g).

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable Peggy Hoffman, Presiding Judge, County Criminal Court No. 9, to Barrett Emanuell Tillman , and to the Dallas County District Attorney's Office.

This appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated **THIRTY DAYS** from the date of this order or when the findings are received.

.

/s/     LANA MYERS
JUSTICE