FILE COPY



# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

**NOS.  02-19-378-CR**
**02-19-379-CR**

DANIELLA RENEE CHAVEZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

**ABATEMENT ORDER**

----------

We have considered the "Appellant's Motion To Withdraw" filed by John Brender, appellant's retained counsel.

We abate the appeal and remand this case to the trial court.  The trial court shall immediately conduct a hearing with appellant present to:

1.      Determine whether appellant desires to prosecute her appeal;

2.      Determine whether appellant desires to proceed pro se;

3.  If appellant desires to proceed pro se, admonish appellant of the dangers and disadvantages of self-representation in accordance with *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975), and *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987);

4.  Determine whether appellant is indigent.  If appellant is determined to be indigent, ascertain whether new counsel should be appointed to represent appellant and appoint counsel, if necessary;[1]

5.  If appellant desires to proceed pro se, determine whether that decision is competently and intelligently made; and

6.  Take any other measures that the trial court deems necessary to insure appellant does not forfeit her right to appeal.

The trial court shall file a record of the hearing in this court on or before **Friday, December 13, 2019.**  The record shall include a supplemental reporter's record and supplemental clerk's record.  Upon our receipt of the supplemental record, the appeal of this cause shall be automatically reinstated without further order.   The appellant's motion will be ruled on at that time.

The clerk of this court shall transmit a copy of this order to appellant, the attorneys of record, the trial judge, the trial court clerk, and the court reporter.

DATED November 13, 2019.

Per Curiam

---

[1] If new counsel is appointed to represent appellant, the supplemental record shall reflect that counsel has been notified of the appointment. If appellant is incarcerated, the trial court shall also retain her in the county for a reasonable period of time to allow new counsel an opportunity to confer with appellant.