**Order entered January 17, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00064-CR

## LOUIS JAMES BROWN, III, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 296th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 296-83597-2019

## ORDER

On December 12, 2019, appellant was convicted of stalking and sentenced to nine years in prison. Appellant filed a timely notice of appeal postmarked December 31, 2019 that was forwarded to this Court on January 15, 2020. That same day, Collin County filed a document entitled "Amended Appeal Schedule" which bears the notation "General Docket Entry: Defendant Allowed to Represent Himself in his Appeal."

We **ORDER** the trial court to conduct a hearing to determine whether appellant (1) is indigent and entitled to court-appointed counsel, (2) is not indigent but is seeking or has retained counsel, or (3) wishes to proceed pro se in this appeal.

If the trial court finds that appellant is indigent, entitled to court-appointed counsel, and does not wish to proceed pro se, we **ORDER** the trial court to appoint an attorney to represent appellant in the appeal.

If the trial court finds that appellant is not indigent and therefore not entitled to court-appointed counsel, the trial court shall determine whether appellant will retain counsel to represent him in the appeal and, if so, the name, State Bar number, and contact information for retained counsel.

If appellant decides that he does not wish to be represented by counsel (either appointed or retained), the trial court shall advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). If appellant persists in his desire to proceed pro se, the trial court shall determine whether appellant is making a competent and intelligent choice in choosing to proceed pro se. *Id*. The trial court shall further advise appellant that he does not have the right to hybrid representation and that any brief filed by counsel will be stricken. If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure and have appellant acknowledge, sign, and date the statement. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g). If the trial court determines waiver of counsel is not knowing and/or not voluntary, the trial court shall appoint counsel or determine the information detailed above for retained counsel as is appropriate under the circumstances.

We **ORDER** the trial court to transmit a supplemental record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant wishes to proceed pro se

and his waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the form provided by article 1.051(g).

We **DIRECT** the Clerk to send copies of this order, by electronic transmission, to the Honorable John Roach Jr., Presiding Judge, 296th Judicial District Court; and to the Collin County District Attorney's Office.

We **DIRECT** the Clerk to send a copy of the order by first-class mail, to Louis James Brown III, Collin County Detention Center, 4300 Community Ave., McKinney, Texas 75071.

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the findings are received.


/s/     ROBERT D. BURNS, III
        CHIEF JUSTICE