**Order entered November 2, 2020**



## In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00505-CR

### JOSE RAUL REYNA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the Criminal District Court No. 3
### Dallas County, Texas
### Trial Court Cause No. F15-18250-J

## ORDER

Appellant filed his notice of appeal on April 24, 2020. The clerk's and reporter's records have been filed, and we have granted one extension of time on filing appellant's brief. On October 9, 2020, appellant notified the Court he had "relieved Ms. Woods of her duty to represent" him. Although appellant had previously been found indigent, he stated he would be retaining an appellate attorney, and until he did, he would represent himself. By letter dated October 13, 2020, we informed appellant his appointed counsel would continue to represent

him until such time as he hired retained counsel and that counsel filed a motion to substitute.

On October 16, 2020, appointed counsel Julie Woods filed a motion to withdraw. We **GRANT** counsel's motion to withdraw. We **DIRECT** the Clerk to remove Julie Woods as counsel for appellant.

We **ORDER** the trial court to conduct a hearing and to make findings of fact regarding the following:

- The trial court shall first determine whether appellant desires to prosecute the appeal. If the trial court determines that appellant does not desire to prosecute the appeal, it shall make a finding to that effect.

- If the trial court determines that appellant wishes to prosecute the appeal, it shall then find whether, despite his indigent status, appellant will retain counsel to represent him in the appeal and, if so, the name, State Bar number, and contact information for retained counsel. If appellant does not intend to retain counsel to represent him, the trial court shall determine whether appellant desires new court-appointed counsel or whether he intends to represent himself.

- If appellant desires new court-appointed counsel, the trial court shall appoint an attorney to represent appellant in this appeal and shall notify this Court of the appointment.

- If appellant decides that he does not wish to be represented by counsel and intends to proceed pro se, the trial court shall advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987) (trial court should determine whether an appellant is making a competent and intelligent choice in choosing to proceed pro se). The trial court shall further advise appellant that he does not have the right to hybrid representation and that any brief filed by counsel will be stricken.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the same form as provided in article 1.051(g) of the Texas Code of Criminal Procedure and ensure that appellant understands and signs the form. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, any orders or appointments, and if applicable, a signed written waiver in substantially the same form as provided by article 1.051(g), to this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable Gracie Lewis, Presiding Judge, Criminal District Court No. 3; to Julie Woods; and to the Dallas County District Attorney's Office, Appellate Division. We also **DIRECT** the Clerk to send a copy of this order by United States mail to Jose Raul Reyna, TDCJ# 02314587, Garza West Unit, 4250 Highway 202, Beeville, TX 78102-8982.

We **ABATE** the appeal to allow the trial court to comply with the order. The appeal will be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/    ROBERT D. BURNS, III
CHIEF JUSTICE