

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

No. 02-20-00036-CR
No. 02-20-00037-CR
No. 02-20-00038-CR

DERRICK WALTON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court Nos. F17-2958-431, F17-2959-431, F17-2960-431

---

## ABATEMENT ORDER

It has come to our attention that appellant's brief has not been filed. Appellant's brief was originally due on August 19, 2020. This court has previously granted four extensions of time to file appellant's brief in this case. We have notified the trial court judge and the attorneys of record that appellant's brief has not been filed, as required by rule 38.8(b). *See* Tex. R. App. P. 38.8(b). Because we have not

received a response to our prior notification and in accordance with rule 38.8(b), we abate the appeal and remand this case to the trial court.

The trial court shall conduct a hearing, with appellant and appointed counsel, Kristin R. Brown, present. These persons may participate remotely, such as by telephone, videoconference, or other appropriate and reasonable means, unless the trial court determines that it is necessary to have the participants appear in person. At the hearing, the court shall make the following findings on the record:

1. Determine whether appellant desires to prosecute the appeal;

2. Determine why appointed counsel has not filed a brief and whether counsel has abandoned the appeal;

3. If appointed counsel has not abandoned the appeal and appellant desires to continue the appeal, determine the exact date that counsel will file a brief on appellant's behalf in the court of appeals;

4. Determine whether substitute counsel should be appointed to represent appellant and appoint substitute counsel, if necessary;[1]

5. Determine whether appellant desires to proceed pro se. If so, admonish appellant of the dangers and disadvantages of self-representation in accordance with *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975), and *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987), and determine whether appellant's decision to proceed pro se is competently and intelligently made; and

---

[1]If substitute counsel has been appointed to represent appellant, the supplemental record shall reflect that substitute counsel has been notified of the appointment. If appellant is incarcerated, the trial court shall also retain him in the county for a reasonable period of time to allow substitute counsel an opportunity to confer with appellant.

6. Make appropriate findings for the purpose of aiding this court in determining whether to initiate contempt proceedings against appellant's counsel for noncompliance with this court's notice requiring counsel to file an appellate brief by January 8, 2021. *See* Tex. R. App. P. 38.8(b)(2)–(4).

7. Take any other measures that the trial court deems necessary to ensure appellant does not forfeit his right to appeal.

The trial court shall file a record of the hearing in this court on or before **Friday, February 19, 2021**. The record shall include a supplemental reporter's record and supplemental clerk's record. Upon our receipt of the supplemental record, the appeal of this cause shall be reinstated automatically without further order.

We direct the clerk of this court to send a notice of this order to the attorneys of record, the trial court judge, the trial court clerk, and the court reporter.

Dated January 20, 2021.

Per Curiam