**Order entered June 25, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00347-CR

**OJAY JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-47079-N**

## ORDER

The Court has before it the June 11, 2015 motion of Jeffrey Grass to withdraw as appellant's retained counsel. In the motion, counsel states that appellant has been unable to comply with the terms of the fee agreement, and that appellant should be provided court-appointed counsel. We **GRANT** the motion to withdraw. We **DIRECT** the trial court to remove Jeffrey Grass as appellant's retained attorney of record.

We **ORDER** the trial court to conduct a hearing to determine the following.

- Trial court shall first determine whether appellant desires to pursue the appeal. If the trial court determines appellant no longer desires to pursue the appeal, it shall make a finding to that effect.

- If the trial court determines that appellant desires to pursue the appeal, it shall next determine whether appellant desires to be represented by counsel. If appellant desires to be represented by counsel, the trial court shall determine

whether appellant is indigent and entitled to court appointed counsel. If appellant is indigent, the trial court is **ORDERED** to appoint counsel for appellant.

- If the trial court If the trial court determines that appellant is not indigent, the trial court shall determine whether appellant has retained new counsel to represent him, and make findings as to the name, State Bar number, and contact information for new counsel.

- If the trial court determines appellant does not wish to be represented by counsel, the trial court shall advise appellant that he does not have the right to court-appointed counsel of his choice. *See Buntion v. Harmon*, 827 S.W.2d 945 (Tex. Crim. App. 1992); *Sampson v. State*, 854 S.W.2d 659 (Tex. App.–Dallas 1992, no pet.).

- The trial court shall next advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court shall further advise appellant that he does not have the right to hybrid representation and that any brief filed by counsel will be stricken.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit a supplemental record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the form provided by article 1.051(g).

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/     ADA BROWN
        JUSTICE