**Order entered June 25, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00757-CR

**JOSHUA DAVID CANALES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F14-24957-M**

## ORDER

Appellant was convicted of fraudulent use of identifying information and sentenced to twenty years' imprisonment on May 8, 2015. He filed a pro se notice of appeal on June 3, 2015. The documents before us do not reflect that appellant has either retained or appointed counsel to represent him on appeal. We have before us appellant's June 23, 2015 letter inquiring about the procedure for pursuing the appeal. Accordingly, we **ORDER** the trial court to make findings regarding the following.

- The trial court shall first determine whether appellant desires to be represented by counsel.

- If the trial court determines that appellant desires to be represented by counsel, the trial court shall determine whether appellant is indigent and entitled to court-appointed counsel. If the trial court finds appellant is indigent, we **ORDER** the trial court to appoint counsel to represent appellant on appeal.

- If the trial court finds appellant is not indigent, the trial court shall determine whether appellant has retained counsel and, if so, include the name, State Bar number, and contact information for retained counsel.

- If the trial court determines that appellant does not wish to be represented by counsel, the trial court shall advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court shall further advise appellant that he does not have the right to hybrid representation.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit a supplemental record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the form provided by article 1.051(g).

The appeal is **ABATED** to allow the trial court to comply with this order. It shall be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/     ADA BROWN
        JUSTICE