**Order filed August 30, 2018**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00089-CR

_____

## TIMOTHY PATRICK LEE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Gaines County, Texas**
**Trial Court Cause No. 17-4721**

## O R D E R

Timothy Patrick Lee, who previously waived his right to appellate counsel and is currently representing himself pro se in this appeal, has now filed in this court a document in which he expressly requests court-appointed counsel. We abate this appeal.

The Court of Criminal Appeals has indicated that, as long as the defendant's actions do not obstruct the orderly procedure of the court system, the defendant may, after asserting the right of self-representation, abandon his right to represent himself

and request that an attorney be appointed. *See Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986); *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976). Additionally, the Texas Code of Criminal Procedure provides, "A defendant may withdraw a waiver of the right to counsel at any time but is not entitled to repeat a proceeding previously held or waived solely on the grounds of the subsequent appointment or retention of counsel." TEX. CODE CRIM. PROC. ANN. art. 1.051(h) (West Supp. 2017). Although Lee has already filed an appellate brief, Lee's request appears to be timely because the State has not yet filed its brief. *See Hubbard v. State*, 739 S.W.2d 341, 344–45 (Tex. Crim. App. 1987).

Accordingly, we again abate this appeal and remand the cause to the trial court[1] so that the trial court may determine the following:

1. Whether Lee desires to prosecute his appeal;

2. Whether Lee is indigent;

3. If not indigent, whether Lee has retained counsel for this appeal; and

4. If indigent, whether Lee has abandoned his right to represent himself and now desires to have counsel appointed to represent him in this appeal or whether, after being warned of the dangers and disadvantages of self-representation, Lee competently and intelligently chooses to continue to exercise the right to represent himself.

*See Faretta v. California*, 422 U.S. 806 (1975); *Ex parte Davis*, 818 S.W.2d 64 (Tex. Crim. App. 1991); *Hubbard*, 739 S.W.2d at 345; *Webb*, 533 S.W.2d at 783–86. The trial court is requested to develop evidence as to whether Lee wishes to withdraw his previous assertion of the right to represent himself and to now have counsel appointed to represent him in this appeal. We note that Lee is not entitled to hybrid representation. We also note that Lee need not appear in person at the hearing and

---

[1]We note that Lee asks this court to appoint counsel for him and to instruct the trial court not to appoint Arthur Aguilar Jr. Appellate courts have no authority to appoint counsel, and we are not inclined to instruct the trial court that a particular attorney may not be appointed in this cause.

that the trial court may permit Lee to appear via telephone. The trial court is directed to enter findings of fact and conclusions of law; to make any appropriate recommendations to this court; and, if appropriate, to appoint counsel to represent Lee in this appeal.

The clerk of the trial court is directed to prepare and forward to this court a supplemental clerk's record containing the findings, recommendations, and any orders of the trial court. The court reporter is directed to prepare and forward to this court the reporter's record from the hearing. These records are due to be filed in this court on or before September 27, 2018.

The appeal is abated.

PER CURIAM

August 30, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.