**Order entered November 19, 2018**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01268-CR

**JENNIFER FOLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 26th District Court**
**Williamson County, Texas**
**Trial Court Cause No. 14-0094-K26**

## ORDER

Before the Court is the November 8, 2018 motion of Jeremiah Walters to withdraw as counsel. The Court **GRANTS** the motion and **DIRECTS** the Clerk to remove Jeremiah Walters as appellant's attorney of record.

Because criminal defendants have a constitutional right to effective assistance of counsel on appeal, whether counsel is appointed or retained, we **ORDER** the trial court to conduct a hearing to determine the following:

- The trial court shall first determine whether appellant desires to pursue the appeal. If the trial court determines appellant no longer desires to pursue the appeal, the trial court shall make a finding to that effect, and no further findings are necessary.

- If the trial court determines that appellant does wish to pursue the appeal, the trial court shall next determine whether appellant desires to be represented by counsel.

- If the trial court determines appellant desires to be represented by counsel, the trial court shall determine whether appellant is indigent and entitled to court-appointed counsel. If appellant is indigent, we **ORDER** the trial court to appoint counsel to represent her. If appellant is not indigent, the trial court shall determine whether appellant has retained new counsel and shall provide the name, State Bar number, and contact information for new counsel.

- If the trial court determines that appellant does not wish to be represented by counsel, the trial court shall advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court shall further advise appellant that she does not have the right to hybrid representation.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a statement in substantially the same form as provided in article 1.051(g) of the Texas Code of Criminal Procedure and have appellant sign the form. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (2016).

We **ORDER** the trial court to transmit a record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant desires to proceed pro se and that her waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in substantially the same form as provided by article 1.051(g) of the code of criminal procedure.

We **DIRECT** the Clerk to send copies of this order to Judge Donna King, Presiding Judge, 26th Judicial District Court; to Jeremiah Walters, of the Walters Law Firm; to Jennifer Foley, SID# 05890956, TDCJ# 02221429, at her last known address: Plane State Jail, 904 F.M. 686, Dayton, TX 77535; and the Williamson County District Attorney's Office.

This appeal is **ABATED** to allow the trial court to comply with this order. It will be reinstated thirty days from the date of this order or when the supplemental record is received, whichever is earlier.

/s/    LANA MYERS
           JUSTICE