**Order entered April 2, 2021**



**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-21-00129-CR**
**No. 05-21-00130-CR**

**VICTORIA IFEANYI ANWUZIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Rockwall County, Texas**
**Trial Court Cause Nos. CR16-0886 & CR16-0887**

### ORDER

Appellant timely filed notices of appeal on February 12, 2021. On March 29, 2021, the Court was notified that the trial court allowed appointed counsel to withdraw from representing appellant in these appeals.

We **ORDER** the trial court to conduct a hearing to determine whether appellant is indigent and entitled to court-appointed counsel in these appeals. If the trial court finds that appellant is entitled to court-appointed counsel, we **ORDER** the trial court to appoint an attorney to represent appellant in the appeals.

If the trial court finds that appellant is not entitled to court-appointed counsel, the trial court shall determine whether appellant will retain counsel to represent her in the appeals and, if so, the name, State Bar number, and contact information for retained counsel.

If appellant decides that she does not wish to be represented by counsel, the trial court shall advise appellant of the following:

- The trial court shall first advise appellant that she does not have the right to court-appointed counsel of her choice. *See Buntion v. Harmon*, 827 S.W.2d 945 (Tex. Crim. App. 1992); *Sampson v. State*, 854 S.W.2d 659 (Tex. App.– Dallas 1992, no pet.). If appellant does not desire to proceed pro se, the trial court shall appoint an attorney.

- The trial court shall next advise appellant of the dangers and disadvantages of self-representation. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). The trial court shall further advise appellant that she does not have the right to hybrid representation and that, if she proceeds pro se, any brief filed by counsel or a third-party will be stricken.

- If the trial court determines appellant's waiver of counsel is knowing and voluntary, it shall provide appellant with a written statement in substantially the form provided in article 1.051(g) of the Texas Code of Criminal Procedure and have it signed by appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit a supplemental record containing the written findings of fact, any supporting documentation, and any orders to this Court within **THIRTY DAYS** of the date of this order. If the trial court determines appellant's waiver of counsel is knowing and voluntary, the supplemental record shall contain appellant's signed, written waiver in

substantially the form provided by article 1.051(g). *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

We **ORDER** the trial court to transmit any record of the hearing on counsel, including findings of fact, any orders, and any supporting documentation, to this Court within **THIRTY DAYS** of the date of this order.

We **ORDER** District Clerk Lea Carlson to file supplemental clerk's records containing the appointment of counsel within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable Brian Williams, Presiding Judge, County Court at Law No. 1; to Lea Carlson, Rockwall County District Clerk; to Victoria Anwuzia, P.O. Box 701656, Dallas, TX 75370; and to the Rockwall County District Attorney's Office, Appellate Division.

We **ABATE** the appeals to allow the trial court an opportunity to comply with this order. They shall be reinstated when the supplemental clerk's records are filed or the Court deems it appropriate to do so.

/s/    LANA MYERS
       JUSTICE