

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

### No. 07-21-00215-CR

---

**CHARLES FRANK WHITE, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 142nd District Court
Midland County, Texas
Trial Court No. CR53721, Honorable Leah G. Robertson, Presiding

---

### January 21, 2022

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Charles Frank White, proceeding pro se,[1] appeals his conviction for burglary of a building.  The appellate record has been filed and appellant's brief was due January 5, 2022.  That day, appellant mailed a single-page document to this Court which we have construed as his appellate brief.  The document does not, however, raise any

---

[1] Appellant was permitted to represent himself at trial without standby counsel and has not requested appointment of appellate counsel.

legal issues, make any legal argument, reference the appellate record, or cite to any legal authorities.  *See* TEX. R. APP. P. 38.1.

When an appellant seeks to represent himself on appeal from a criminal conviction, an appellate court has discretion to permit self-representation if the appellant can do so without interfering with the administration of the appellate process.  *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (holding a criminal defendant has no constitutional right to represent himself on direct appeal); *Bibbs v. State*, No. 07-10-00300-CR, 2011 Tex. App. LEXIS 9490, at *4 (Tex. App.—Amarillo Dec. 2, 2011, order) (per curiam).  Our exercise of that discretion depends on a case-by-case analysis of the best interest of the appellant, the State, and the proper administration of justice.  *Id.*

Appellant's brief raises concerns whether allowing appellant to represent himself on appeal is in his best interest, the State's best interest, and in furtherance of the proper administration of justice.  We, therefore, abate this appeal and remand the cause to the trial court for further proceedings.  Upon remand, the trial court shall conduct a hearing to determine the following:

1.   whether appellant still desires to prosecute the appeal;

2.   whether appellant is indigent and entitled to the appointment of appellate counsel;

3.   whether appellant still desires to represent himself on appeal;

4.   if appellant desires to represent himself, whether his decision to do so is competently and intelligently made, including whether he is aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); and

5.   if appellant desires to represent himself, whether allowing him to do so is in his best interest, in the best interest of the State, and in furtherance of the proper administration of justice.

The trial court shall issue findings of fact and conclusions of law addressing the foregoing subjects.  If it is determined that appellant is entitled to appointed counsel and

2

that allowing appellant to represent himself on appeal is not in his best interest or that of the State or the administration of justice, then the trial court shall appoint appellate counsel.  The name, address, email address, telephone number, and State Bar number of any newly-appointed counsel shall be included in the aforementioned findings.

The trial court shall cause to be developed (1) a clerk's record containing the findings and conclusions and (2) a reporter's record transcribing any evidence and argument presented at the hearing.  The record shall be filed with the Clerk of this Court on or before February 22, 2022.

Should additional time be needed for the trial court to comply with this order, it must request same before February 22, 2022.

It is so ordered.

Per Curiam

Do not publish.