

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

No. 02-22-00018-CR
No. 02-22-00019-CR

THE STATE OF TEXAS, Appellant

V.

JOSEPH TURNER

---

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR21-00132, CR21-00133

---

## ABATEMENT ORDER

We have considered the "Motion To Withdraw As Counsel" filed by appellant's retained counsel, Dan L. Wyde.

The motion is **GRANTED**. The Hon. Dan L. Wyde is permitted to withdraw as attorney of record for appellant.

It is ORDERED that this appeal is abated and the cause is remanded to the trial court. The trial court shall conduct a hearing with appellant present to:

1.      Determine whether appellant desires to prosecute his appeal;

2. Determine whether appellant is indigent;

3. If appellant is determined to be indigent, determine whether counsel should be appointed to represent appellant and appoint counsel, if necessary;[1]

4. If appellant desires to proceed pro se, admonish appellant of the dangers and disadvantages of self-representation, in accordance with *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975), and *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App.1987), and determine whether appellant's decision to proceed pro se is competently and intelligently made; and

5. Take any other measures that the trial court deems necessary to ensure appellant does not forfeit his right to appeal.

Appellant may participate remotely, such as by telephone, videoconference, or other appropriate and reasonable means, unless the trial court determines that it is necessary to have appellant appear in person.

The trial court shall make findings and file a record of the hearing in this court on or before **Wednesday, July 27, 2022.** The record shall include a supplemental reporter's record and supplemental clerk's record. On our receipt of the supplemental record, the appeal of this cause shall be automatically reinstated without further order.

---

[1]If counsel has been appointed to represent appellant, the supplemental record shall reflect that appointed counsel has been notified of the appointment. If appellant is incarcerated, the trial court shall also retain him in the county for a reasonable period of time to allow appointed counsel an opportunity to confer with appellant.

We direct the clerk of this court to send a notice of this order to the appellant, Hon. Dan L. Wyde, the State's attorney, the trial judge, the trial court clerk, and the court reporter.

Dated June 27, 2022.

Per Curiam