FILE COPY



# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

No. 02-22-00018-CR
No. 02-22-00019-CR

THE STATE OF TEXAS, Appellant

V.

JOSEPH TURNER

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CR21-00132, CR21-00133

## AMENDED ABATEMENT ORDER

We have considered the "Motion To Withdraw As Counsel" filed by appellee's retained counsel, Dan L. Wyde.

The motion is **GRANTED**. The Hon. Dan L. Wyde is permitted to withdraw as attorney of record for appellee.

It is ORDERED that this appeal is abated and the cause is remanded to the trial court. The trial court shall conduct a hearing with appellee present to:

1.      Determine whether appellee desires to prosecute his appeal;

2.	Determine whether appellee is indigent;

3.	If appellee is determined to be indigent, determine whether counsel should be appointed to represent appellee and appoint counsel, if necessary;[1]

4.	If appellee desires to proceed pro se, admonish appellee of the dangers and disadvantages of self-representation, in accordance with *Faretta v. California*, 422 U.S. 806, 835, 95 S. Ct. 2525, 2541 (1975), and *Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App.1987), and determine whether appellee's decision to proceed pro se is competently and intelligently made; and

5.	Take any other measures that the trial court deems necessary to ensure appellee does not forfeit his right to appeal.

Appellee may participate remotely, such as by telephone, videoconference, or other appropriate and reasonable means, unless the trial court determines that it is necessary to have appellee appear in person.

The trial court shall make findings and file a record of the hearing in this court on or before **Friday, September 30, 2022.** The record shall include a supplemental reporter's record and supplemental clerk's record. On our receipt of the supplemental record, the appeal of this cause shall be automatically reinstated without further order.

---

[1]If counsel has been appointed to represent appellee, the supplemental record shall reflect that appointed counsel has been notified of the appointment. If appellee is incarcerated, the trial court shall also retain him in the county for a reasonable period of time to allow appointed counsel an opportunity to confer with appellee.

FILE COPY

We direct the clerk of this court to send a notice of this order to the appellee, Hon. Dan L. Wyde, the State's attorney, the trial judge, the trial court clerk, and the court reporter.

Dated August 1, 2022.

Per Curiam