

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00251-CR
No. 07-22-00252-CR

---

**CHRISTOPHER BECHARA MOUCHANTAF, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the County Court
Deaf Smith County, Texas
Trial Court Nos. 2021-0282 & 2021-0272, Honorable D.J. Wagner, Presiding

---

## December 2, 2022

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Christopher Bechara Mouchantaf, appeals his convictions for unlawful restraint[1] and possession of marijuana.[2]  Appellant represented himself at trial and represents himself on appeal.  The appellate record has been filed and Appellant's brief was originally due October 6, 2022.  We subsequently granted Appellant an extension to

---

[1] *See* TEX. PENAL CODE ANN. § 20.02(c).

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1).

November 7 to file his brief. However, Appellant has not filed a brief or had any further communication with this Court to date.

When an appellant seeks to represent himself on appeal from a criminal conviction, an appellate court has discretion to permit self-representation if the appellant can do so without interfering with the administration of the appellate process. *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (criminal defendants have no constitutional right to represent themselves on direct appeal); *Bibbs v. State*, No. 07-10-00300-CR, 2011 Tex. App. LEXIS 9490, at *4 (Tex. App.—Amarillo Dec. 2, 2011, order) (per curiam). Our exercise of that discretion depends on a case-by-case analysis of the best interest of the appellant, the State, and the proper administration of justice. *Id.*

Because Appellant, proceeding pro se, has failed to file a brief, we abate the appeals and remand the causes to the trial court for further proceedings. Upon remand, the trial court shall conduct a hearing to determine the following:

1. whether Appellant still desires to prosecute the appeals;

2. whether Appellant is indigent and entitled to the appointment of appellate counsel;

3. whether Appellant still desires to represent himself on appeal;

4. if Appellant desires to represent himself, whether his decision to do so is competently and intelligently made, including whether he is aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); and

5. if Appellant desires to represent himself, whether allowing him to do so is in his best interest, in the best interest of the State, and in furtherance of the proper administration of justice.

The trial court shall issue findings of fact and conclusions of law addressing the foregoing subjects. If it is determined that Appellant is entitled to appointed counsel and that allowing Appellant to represent himself on appeal is not in his best interest or that of the State or the administration of justice, then the trial court shall appoint appellate counsel. The name, address, email address, telephone number, and State Bar number of any newly appointed counsel shall be included in the aforementioned findings.

The trial court shall cause to be developed (1) a clerk's record containing the findings and conclusions and (2) a reporter's record transcribing any evidence and argument presented at the hearing. The record shall be filed with the Clerk of this Court on or before January 2, 2023.

It is so ordered.

Per Curiam

Do not publish.