

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00416-CR

---

JOHN RIOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-1165, Honorable John J. "Trey" McClendon III, Presiding

---

August 12, 2025

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, John Rios was convicted of evading arrest[1] and sentenced to twenty years of confinement. He represented himself at trial with the assistance of standby counsel. Following his conviction, Appellant did not request the appointment of appellate counsel and filed a notice of appeal pro se. The appellate record has been filed. On August 4, 2025, Appellant submitted a one-page appellate brief (excluding the table of

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A).

contents).  The brief fails to present any substantive issues or arguments, contains only one reference to the appellate record, and cites to no legal authority.  *See* TEX. R. APP. P. 38.1.

When an appellant seeks to represent himself on appeal from a criminal conviction, an appellate court has discretion to permit self-representation if the appellant can do so without interfering with the administration of the appellate process.  *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (criminal defendant has no constitutional right to represent himself on direct appeal); *Bibbs v. State*, No. 07-10-00300-CR, 2011 Tex. App. LEXIS 9490, at *4 (Tex. App.—Amarillo Dec. 2, 2011, order) (per curiam).  Our exercise of that discretion depends on a case-by-case analysis of the best interest of the appellant, the State, and the proper administration of justice. *Id.*

Appellant's brief raises concerns whether allowing Appellant to represent himself on appeal is in his best interest, the State's best interest, and in furtherance of the proper administration of justice.  We, therefore, abate this appeal and remand the cause to the trial court to determine the following:

1. whether Appellant still desires to prosecute the appeal;

2. whether Appellant is indigent and entitled to the appointment of appellate counsel;

3. whether Appellant still desires to represent himself on appeal;

4. if Appellant desires to represent himself, whether his decision to do so is competently and intelligently made, including whether he is aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); and

2

5.      if Appellant desires to represent himself, whether allowing him to do so is in his best interest, in the best interest of the State, and in furtherance of the proper administration of justice.

The trial court shall issue findings of fact and conclusions of law addressing the foregoing subjects. If it is determined that Appellant is entitled to appointed counsel and that allowing appellant to represent himself on appeal is not in his best interest or that of the State or the administration of justice, then the trial court shall appoint appellate counsel. The name, address, email address, telephone number, and State Bar number of any newly appointed counsel shall be included in the aforementioned findings.

The trial court shall cause to be developed (1) a clerk's record containing the findings and conclusions and (2) a reporter's record transcribing any evidence and argument presented at the hearing. The record shall be filed with the Clerk of this Court on or before September 11, 2025.

It is so ordered.

Per Curiam

Do not publish.