

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00003-CR

---

**MICHAEL LUMPKINS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. CC-2025-CR-2405, Honorable Mark Hocker, Presiding

---

February 4, 2026

## ORDER OF ABATEMENT AND REMAND

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Michael Lumpkins, proceeding pro se, was convicted of possession of marihuana[1] and sentenced to three days of confinement in Lubbock County Jail. Appellant represented himself at trial. The appellate record is due February 9, 2026. On January 16, 2026, Appellant filed a request for a free appellate record due to his claimed indigence. On the same date, Appellant submitted a two-page document entitled

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.121(b)(1).

"Appellate Brief."  The purported brief fails to raise any substantive issues or arguments, contains no references to the appellate record, and cites no legal authority.   *See* TEX. R. APP. P. 38.1.

When an appellant seeks to represent himself on appeal from a criminal conviction, an appellate court has discretion to permit self-representation if the appellant can do so without interfering with the administration of the appellate process.  *See Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004) (criminal defendant has no constitutional right to represent himself on direct appeal); *Bibbs v. State*, No. 07-10-00300-CR, 2011 Tex. App. LEXIS 9490, at *4 (Tex. App.—Amarillo Dec. 2, 2011, order) (per curiam).  Our exercise of that discretion depends on a case-by-case analysis of the best interest of the appellant, the State, and the proper administration of justice. *Id*.

Appellant's inability to procure the appellate record and prematurely filed brief raises concerns whether allowing Appellant to represent himself on appeal is in his best interest, the State's best interest, and in furtherance of the proper administration of justice. We, therefore, abate this appeal and remand the cause to the trial court to determine the following:

1.      whether Appellant still desires to prosecute the appeal;

2.      whether Appellant is indigent and entitled to appointed counsel pursuant to article 1.051(d)(1) of the Code of Criminal Procedure; and

3.      whether Appellant is entitled to have the clerk's record and reporter's record furnished without charge pursuant to Rule of Appellate Procedure 20.2.

4.      whether Appellant still desires to represent himself on appeal;

2

5.     if Appellant desires to represent himself, whether his decision to do so is competently and intelligently made, including whether he is aware of the dangers and disadvantages of self-representation on appeal, *see Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987); and

6.     if Appellant desires to represent himself, whether allowing him to do so is in his best interest, in the best interest of the State, and in furtherance of the proper administration of justice.

The trial court shall issue findings of fact and conclusions of law addressing the foregoing subjects.  If it is determined that Appellant is entitled to appointed counsel and that allowing appellant to represent himself on appeal is not in his best interest or that of the State or the administration of justice, then the trial court shall appoint appellate counsel.  The name, address, email address, telephone number, and State Bar number of any newly appointed counsel shall be included in the aforementioned findings.

The trial court shall cause to be developed (1) a clerk's record containing the findings and conclusions and (2) a reporter's record transcribing any evidence and argument presented at the hearing.  The hearing record shall be filed with the Clerk of this Court on or before March 6, 2026.

It is so ordered.

Per Curiam

Do not publish.